UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ADALE WILKINS,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendants.

Case No.  3:13-cv-049

Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

_____

**ENTRY AND ORDER OVERRULING WILKINS' OBJECTIONS (Doc. #19) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #17); GRANTING THE COMMISSIONER'S OBJECTIONS (Doc. #18) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #17); AFFIRMING THE ALJ'S DETERMINATION THAT WILKINS WAS NOT UNDER A DISABILITY AND TERMINATING THIS CASE**

_____

Adale Wilkins ("Wilkins") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On January 3, 2014, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendation (doc. #17) recommending that the Commissioner's decision that Wilkins was not disabled be vacated and the matter be remanded to the Social Security Administration. Wilkins subsequently objected arguing that she be awarded benefits. (Doc. #19.) The Commissioner also objected arguing that the Commissioner's decision should be affirmed. (Doc. #18.) The time has run and neither Party has responded to the other's objections.  This matter is, therefore, ripe for decision.

      Wilkins sought financial assistance from the Social Security Administration by applying

for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits in July of 2009. Wilkins claimed that she had been disabled since January 18, 2008, due to permanent nerve damage.

The Commissioner denied Wilkins' application initially and on reconsideration. Administrative Law Judge ("ALJ") Carol J. Bowen ("Bowen") held a hearing following which she determined that Wilkins was not disabled. The Appeals Council denied Wilkins' request for review and ALJ Bowen's decision became the Commissioner's final decision. Wilkins then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #17) and in Wilkins' Objections (doc. #19) and the Commissioner's Objections (doc. #18), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Wilkins was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated*

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." Bowen, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, Wilkins relied upon the opinions offered by two doctors that she is disabled. One is Dr. Shaw, her family doctor and the other is Dr. Kay, a pain management specialist to whom she was referred.

Dr. Shaw opined on multiple occasions that Wilkins was unemployable. The ALJ gave this opinion little weight. (PAGEID 74.) More specifically, the ALJ states:

> The undersigned finds the reports of Dr. Shaw to be entitled to little weight as they rely perhaps too much on the subjective allegations of the claimant. These reports are filled out for continued access to a county benefits program, which allows her to see a doctor. The MRI is suggestive of back problems after surgery however; there has been no physical or aqua therapy. There have only been three epidural injections since April 2008 despite Dr. Kay's positive assessment of their effectiveness. There has been no suggestion of further surgery to remove the scar tissue, in fact, Dr. Kay strongly stated she was not a surgical candidate. The claimant has not been medication compliant with

>her prescribed medications and she takes illegal medications. Further, if her pain was chronic as Dr. Shaw and the claimant reports one wonders why it has taken sixteen months to obtain a referral to another pain management doctor. The record as a whole does not support the level of limitation suggested by Dr. Shaw. Also of note and despite Dr. Shaw's dire predictions of her medical condition, the claimant raises two children by herself, ages 5 and 12. The claimant clothes and feeds the children. She cooks for them. She assists the five year old with bathing. She is able to take public transportation. The claimant washes dishes. The claimant's activities of daily living suggest a far more active claimant than the picture Dr. Shaw paints. Accordingly, his opinion is given little weight.

The Court finds that the ALJ's finding that Dr. Shaw's opinion is entitled to little weight is supported by the Administrative Record ("AR") in this case.

Dr. Kay also opined that Wilkins was disabled. The ALJ gave Dr. Kay's opinion no weight. (PAGEID73.) More specifically, the ALJ states:

>In November 2009, Dr. Kay included an office note that he felt the claimant was disabled based on her having surgery, having chronic scar tissue, and having epidural fibrosis around the nerve root. He also noted her obesity. The undersigned finds this opinion should be given little weight. Dr. Kay's own office notes reflect that the claimant was doing well on medications reporting that they controlled her symptoms. He felt the epidural injections went well. Dr. Kay also recommended against further back surgery noting the claimant's symptoms were nonphysiologic in nature. The claimant's continued use of illegal drugs also complicated the assessment of the claimant's post-surgical recovery and treatment. In May 2010, approximately five weeks after discharge the claimant presented at the emergency room for back pain since she was no longer seeing Dr. Kay. (Exhibit B22F). The examination revealed lumbar tenderness with reduced range of motion. However, she also had normal motor function, normal sensory function, and no focal deficits. Her extremities revealed no edema and normal range of motion. The claimant told the staff that her pain was normally in her back only. Staff noted no weakness but did state the claimant was walking crouched over. She was diagnosed with chronic back pain, given medication, and discharged. Of course the issue of disability is reserved to the Commissioner and statements that a claimant is disabled or unable to work are not medical source opinions entitled to any special significance. In addition, the record-including Dr. Kay's own notes-does not support the conclusion that the claimant is disabled. Accordingly, as Dr. Kay has not seen the claimant since March 2010, his opinion attesting to her disability is given no weight.

As with ALJ's determination regarding Dr. Shaw's opinion, the Court finds that the ALJ's determination regarding Dr. Kay's opinion is supported by evidence in the AR.

After adequately explaining why she disregarded the opinions of Wilkins' treating physicians, the ALJ turned to the opinions of non-examining State agency reviewers to determine the appropriate residual functional capacity ("RFC"). More specifically, the ALJ states:

> In sum, the above residual functional capacity is adequate to address the location, duration, frequency, and intensity of claimant's bona fide symptoms, as well as to address any reasonably anticipated aggravated or precipitating circumstances (like environmental restrictions.)

Using the RFC that she identified, the ALJ then found that Wilkins could perform her past relevant work as a laboratory technician and other jobs existing in the national economy.

The ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Wilkins' Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED. Further, the Commissioner's Objections to the Chief Magistrate Judge's Report and Recommendations are well founded and are GRANTED. The Commissioner's decision that Wilkins was not disabled is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

DONE and ORDERED in Dayton, Ohio this Twenty-Seventh Day of February, 2014.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record